MARY SVETECZ, PETITIONER-DEFENDANT, v. NEWARK GEAR CUTTING MACHINE CO., RESPONDENT-PROSE-CUTOR.

Argued May 6, 1947—Decided May 27, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Kalisch & Kalisch.*

For the defendant, *Edward J. Abromson* and *Herman M. Wilson.*

The opinion of the court was delivered by

DONGES, J. *Certiorari* was allowed to review the judgment of the Court of Common Pleas of Essex County in affirming a judgment of the Workmen's Compensation Bureau in favor of petitioner-defendant.

Petitioner's husband was employed by the respondent for almost five years as a handyman, doing light or heavy work as the occasion demanded. He met with an accident on August 14th, 1944, when a metal plate weighing approximately 200 pounds fell on a wooden block and caused it to roll over and pinch his toes. That he met with a compensable injury is not denied. The injury resulted in loss of a large amount of blood, by bleeding for approximately thirty hours. He died about four days after the bleeding had been stopped. It is admitted that decedent prior to the accident suffered from heart disease and perhaps cancer of the stomach. The petitioner seeks compensation for his death, asserting that his death was due to heart failure, and that the weakness and lowered resistance produced by the loss of blood and shock

following the injury was an accelerating cause in producing his death at the time of its occurrence.

The single question for our determination is as to whether or not the injury and consequent loss of blood and shock resulting from this condition was the cause of death by heart failure, or whether or not the death was wholly disconnected from such occurrence and resulting physical condition and was due to the cancerous condition.

The decedent had been treated for about four years by a physician who testified that decedent had a heart condition and, in his opinion, had a cancer of the stomach. In the death certificate signed by him he gave the "immediate cause of death. Heart failure due to cancer of stomach." He testified, however, that he had grave doubt of the cancerous condition being a contributing factor to the death, and his notes showed a question mark behind this statement. He testified that upon further study of the matter he was persuaded that it was the shock and condition resulting from the injury that produced the heart failure and that the cancer played no part therein. Two other physicians produced by the petitioner below testified to the same effect. Three physicians were produced by the respondent below. Their testimony was not persuasive that the death was due to cancer. On cross-examination, two of them expressed doubt as to the accuracy of a finding of cancer because X-ray pictures taken were "very poor plates." They would not "attempt to make any diagnosis of those pictures." They chose to rely upon what they stated to be the opinion of the attending physician, as expressed in the death certificate. He, however, testified that, in his opinion, there was no doubt as to the existence of the cancerous condition, but he was confident that it had no relation to the heart failure that produced the death.

The Deputy Commissioner, who heard the witnesses, determined that the petitioner sustained the burden of proving that decedent suffered injuries resulting from an accident arising out of and in the course of his employment, and that, as a result of the accident, decedent died.

This finding was affirmed by the Court of Common Pleas.

The petitioner below carried the burden of proving that

decedent's death resulted from the injuries sustained. Prosecutor had the burden of establishing that the death was caused by the cancerous condition. In this it failed. A consideration of all of the testimony leaves one in no doubt that the death resulted from and was directly due to the accident.

From a consideration of all of the evidence, we find, as a fact, that on August 14th, 1944, the decedent suffered an accident arising out of and in the course of his employment, of which the prosecutor had due notice and knowledge, which injury and resulting physical conditions produced his death on August 22d, 1944, and that petitioner-defendant is entitled to judgment for compensation.

The *certiorari* will be dismissed, with costs.